PER CURIAM.
These consolidated appeals emerged from a lawsuit by the parents of a child who suffered profound injuries at birth which will require lifelong care. The parents filed personal injury claims against certain health care providers and also sought a declaratory judgment that their claims against these providers were not barred by the immunity provisions of the Florida Birth-Related Neurological Injury Compensation Act and that the Act was in any event unconstitutional. See §§ 766.301 to 766.316, Fla.Stat. (1989).
Finding it unnecessary to reach the constitutional questions, the trial court entered a declaratory decree that the immunities were unavailable to these providers because of a lack of compliance with certain alleged conditions precedent and allowed the personal injury claims to proceed to trial. It is those appeals which are involved here. After we held oral argument we received filings indicating that the parents settled their personal injury claims with the providers St. Mary’s Hospital in case No. 91-0161, and with David W. Feld, M.D., Casale, Silverman, Feld & Kotzen, M.D., P.A. in case No. 91-0181. All agree that these appeals are moot, and no one objects to the dismissal of these appeals.
Appellant Florida Birth-Related Neurological Injury Compensation Association [NICA] argues that mootness does not affect its appeal from the declaratory judgment. It argues that a decision by this court on its appeal is “critical to the future efficient operation of the NICA plan of no fault compensation.” In particular, NICA argues that there is a jurisdictional quandary as to whether immunity avoidances must be taken up exclusively in administrative agency proceedings or can, instead, be considered in declaratory judgment proceedings in the circuit court, as here.
We prefer to decide such an issue with a continuing controversy at issue rather than, as here, with no claim dependent on its resolution. We therefore dismiss NICA’s appeal, along with the others, as moot.
IT IS SO ORDERED.
HERSEY, GUNTHER and FARMER, JJ., concur.