ON MOTION TO DISMISS

THOMPSON, J.
David Byker appeals an order denying his motion to require the transfer of funds from an account held by appellee Warren J. Stanchina (“Stanchina”) and his wife. We dismiss the appeal because it is now moot.
In supplementary proceedings, Byker moved for a temporary injunction alleging that the trust, of which Stanchina was settlor and beneficiary, had been formed in anticipation of the litigation between the parties and that although an offshore company was trustee, Stanchina’s attorney controlled the trust. Byker alleged that the attorney had caused to be transferred to Stanchina, at the latter’s direction, about $1,000,000 in trust assets and that the disbursements were fraudulent transfers under sections 726.105 and 726.106, Florida Statutes. Byker sought an injunction precluding further disbursements. Byker served the motion and noticed a hearing, but the court granted Stanchina’s motion for a continuance. According to Byker, by the time the court issued the injunction, the account had been emptied of assets. Byker alleged that the assets, worth just over $200,000, had been transferred to an account owned by Stanchina and his wife. Byker moved for an order compelling Stanchina and his wife to transfer the assets to the trust. The court denied the motion, and Byker appealed.
Stanchina’s attorney, Eric Lanigan, who was a defendant in the supplementary proceedings, has now moved to dismiss the appeal. He bases his motion on the fact that Byker and Stanchina have settled, as shown by copies of the satisfaction of judgment and Byker’s release in favor of Stan-china. Lanigan was not released as part of the settlement, which states: “Plaintiff do[es] not intend for the satisfaction ... to prejudice the right of Plaintiff to pursue *1169 any fraudulent transfer claims against Lanigan.” In response to the motion to dismiss, Byker points out that the settlement agreement provides that the appeal in case number 04-2757, this appeal, will be dismissed but that the “case of David Byker v. Warren J. Stanchina et al. shall continue (but only as relating to Eric Lani-gan)” Byker states that he obtained a judgment against Stanchina for $1,100,000, settled with Stanchina for $900,000, and wants to hold Lanigan liable for the $200,000 balance.
Byker’s arguments opposing the motion to dismiss are that the case is not over because he has an outstanding claim against Lanigan and because the parties stipulated that the appeal would continue. However, the non-final order on appeal denies Byker’s motion to require the Stan-chinas to return the money to the brokerage account. A reversal of that order would accomplish nothing because there is no longer a case against the Stanchinas and because in the motion, Byker sought no relief against Lanigan. See St. Mary’s Hosp., Inc. v. Bass, 592 So.2d 779 (Fla. 4th DCA 1992); Sabio v. Russell, 472 So.2d 869 (Fla. 3d DCA 1985).
Accordingly, the motion to dismiss is granted and the cause is dismissed as moot.
DISMISSED.
MONACO and TORPY, JJ„ concur.